IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARVIN WAYNE BLAIR                                                                    PLAINTIFF

V.                                             NO. 13-5052

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration              DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Marvin Wayne Blair, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act) and for supplemental security income (SSI) under the provisions of Title XVI of the Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff filed his applications for DIB and SSI on August 25, 2010, alleging disability since February 1, 2009,[1] due to depression; lower back pain; pain in both hands, stiffness, numbness; pain in both knees; arthritis; being overweight; his right elbow locks up; and sleep apnea. (Tr. 34, 115-116, 122-126, 146). An administrative hearing was held on February 17, 2012, at which Plaintiff appeared with counsel and he and his wife testified. (Tr. 27-53).

By written decision dated March 9, 2012, the ALJ found that Plaintiff had an impairment

---

[1] At the hearing before the ALJ on February 17, 2012, Plaintiff's attorney amended the onset date to February 1, 2009. (Tr. 34).

or combination of impairments that were severe - hypertension, osteoarthritis, tendinopathy of his left shoulder, bilateral carpal tunnel syndrome, obesity, and chronic obstructive pulmonary disease (COPD)(mild to moderate). (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he needs to work in a controlled environment where he has no exposure to significant amounts of concentrated dust, fumes, smoke or chemical irritants. Further, he can perform a job that involves frequent but not repetitive fingering or grasping.

(Tr. 18). With the help of a vocational expert (VE), the ALJ determined Plaintiff was unable to perform his past relevant work, but that there were other jobs Plaintiff could perform, such as furniture rental clerk, boat rental clerk, and crossing guard/traffic flagger. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered an additional medical record, and denied the request on January 28, 2013. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Among the numerous medical records, there are records of two physicians which are significant to the Court, especially in light of the ALJ's findings.  The first is the opinion of Dr. Karmen Hopkins, a non-examining consultant who completed a Physical RFC Assessment on September 29, 2010. (Tr. 216-223). In the assessment, Dr. Hopkins found that the medical records supported an RFC of light work with no rapid/repetitive movement of the wrists, and no overhead reaching by the left upper extremity. (Tr. 223). The next opinion is that of Dr. R. Jacob Kaler, of Ozark Orthopaedics, who examined Plaintiff on October 4, 2010. (Tr. 237-238). Plaintiff had complained to Dr. Kaler of left shoulder pain. (Tr. 237). He also reported that he had numbness and tingling in both hands. (Tr. 237).  Upon examination, Plaintiff had tenderness of the anterior shoulder joint in the region of the biceps and subscapularis and "pec.", and had tenderness of the AC joint. (Tr. 237). Dr. Kaler reviewed Plaintiff's MRI and pointed out the increased signal of the subscapularis as well as the supraspinatus. (Tr. 238). Dr. Kaler noted that Plaintiff had increased signal which he would call mild to moderate. He also opined that with

AO72A
(Rev. 8/82)

respect to Plaintiff's AC joint, he would call it "severe." (Tr. 238). Dr. Kaler reported that Plaintiff had marked cystic formation with the AC joint, capsular hypertrophy, some mass affect inferiorly, but not as much as he would expect based on the narrowing of the joint. (Tr. 238). Dr. Kaler assessed Plaintiff with left rotator cuff tendonosis secondary to acromioclavicular arthrosis, and injected Plaintiff's left shoulder. (Tr. 238).

It is noteworthy that the ALJ did not include in his RFC assessment any limitations relating to overhead reaching with his left upper extremity, although this limitation was included by Dr. Hopkins in her RFC. The ALJ explained this absence by stating that based on Plaintiff's reports of improved shoulder pain after the injection by Dr. Kaler, Plaintiff had no limitations of his upper extremities other than those determined in the ALJ's RFC related to lifting and/or carrying. (Tr. 21). The Court believes there is still a question regarding Plaintiff's limitations with his left shoulder and his ability to reach overhead, and that this matter should be remanded to the ALJ in order to obtain a General Physical Examination and RFC from a physician. Once received, the ALJ should then re-evaluate his RFC.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 30th day of April, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE